**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TERRI YENKO GOULD, | ) | |
| | ) | |
| Plaintiff - Appellant | ) | No. 1:13-cv-3908 |
| | ) | |
| v. | ) | Judge _____ |
| | ) | |
| GENERAL MARKETING CAPITAL, INC. | ) | Mag. Judge _____ |
| | ) | |
| Defendant – Respondent | ) | JURY TRIAL REQUESTED |

COMPLAINT

TERRI YENKO GOULD, plaintiff – appellant, as executor of the Estate of Donald Frank Yenko, deceased, and as heir of her father Donald Frank Yenko, complains of GENERAL MARKETING CAPITAL, INC., defendant - respondent, as follows:

NATURE OF THE ACTION AND THE PARTIES

1.  Terri Yenko Gould ("Plaintiff") is an individual residing in and citizen of the State of California, and is the executor of the Estate of Donald Frank Yenko, deceased, and is an heir of her deceased father, Donald Frank Yenko.

2.  General Marketing Capital, Inc. ("Defendant, or GMCI") is a California corporation having its principal place of business in Westminster, California. GMCI offers and sells "YENKO" branded specialty automotive merchandise in this judicial district and division.

3. This is an appeal pursuant to 15 U.S.C. § 1071(b) by Terri Yenko Gould, as executor of the Estate of Donald Frank Yenko, of the final March 26, 2013 decision of the United States Patent and Trademark Office Trademark Trial and Appeal Board in Cancellation No. 92052197, denying her petition to cancel GMCI's unauthorized registered trademark YENKO for "toy cars", which mark imitates the famous high performance vehicles for which her father Donald Frank Yenko was and continues to be well known. A copy of the Board's decision is attached as Appendix A.

4. This is also a separate action by Terri Yenko Gould as executor of the Estate of Donald Frank Yenko pursuant to the Lanham Trademark Act, 15 U.S.C. § 1125(a), for false marking of the name YENKO on numerous articles of specialty automotive merchandise sold in interstate commerce in this jurisdiction and elsewhere. Trial by jury is requested for this claim.

5. This is also a separate action by Terri Yenko Gould, as heir to her father Donald Frank Yenko, for GMCI's violation of the inheritable rights of publicity of her father Donald Frank Yenko under the laws of Pennsylvania (42 Pa.C.S.A. § 8316, "Unauthorized Use of Name or Likeness"), and California (California Civil Code Sections 3344 and 990, "Right of Publicity") by GMCI's unauthorized marking of the name YENKO on on numerous articles of specialty automotive merchandise sold in interstate commerce in this jurisdiction and elsewhere. Trial by jury is requested for this claim.

JURISDICTION AND VENUE

6. This Court has jurisdiction over the parties and the subject matter of the appeal of the final decision of the United States Patent and Trademark Office Trademark Trial and Appeal Board in Cancellation No. 92052197 pursuant to 15 U.S.C. § 1071(b).

7. This court has original jurisdiction of Plaintiff's Lanham Act claim pursuant to 28 U.S.C. §1338(a) and 15 U.S.C. §1121 because this action arises under the trademark laws of the United States.

8. This court has diversity jurisdiction of Plaintiff's inheritable rights of publicity claims under 28 USC §1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

9. Venue in this district is proper under 28 U.S.C. §1391 because GMCI, by advertising and selling "YENKO" branded products in this judicial district and division, has committed and is committing acts of infringement here, whereby the claims arose here.

FACTS COMMON TO ALL COUNTS

10. Terri Yenko Gould represents the estate and heirs of Donald Frank "Don" Yenko, who until his untimely death in 1987 was the designer and builder of a well-known and respected line of competition and sports vehicles sold under the YENKO name and trademark. Between 1966 and 1981, over

800 high-performance vehicles were manufactured and sold under his direction and control under the YENKO name and mark.

11.     At one time, Don Yenko, through his company Yenko Sportscars, Inc., was the owner of U.S. Trademark Registration 0930794, Registered March 14, 1972, for the following YENKO and Design, which registration was not renewed and therefore expired in 1992:



However, Don Yenko's name and reputation have remained strong to the present day because of the continued interest and devoted efforts of thousands of automobile enthusiasts.

12.     The Estate and heirs of Donald Frank Yenko have never given anyone permission or license to use the name or mark YENKO for any purpose, other than a certain limited permission given to the Yenko Sportscar Club, an organization of YENKO sports car automotive enthusiasts.

COUNT I – APPEAL OF TTAB FINAL DECISION

13.     Plaintiff Terri Yenko Gould, as executor and heir of the Estate of Donald Frank Yenko, deceased, repeats and re-alleges the allegations of paragraphs 1 – 12 and incorporates them by reference into this Count I.

14. The March 26, 2013 final decision of the United States Patent and Trademark Office, Trademark Trial and Appeal Board, ("TTAB") in Cancellation No. 92052197 dismissing Plaintiff Terri Yenko Gould's petition to cancel GMCI's trademark registration No. 2,049,857 of YENKO for "toy cars" was arbitrary, capricious, contrary to law, against the manifest weight of the evidence, and contrary to the TTAB's own "precedential" decisions. It is therefore entitled to no deference by this reviewing Court.

COUNT II – FEDERAL UNFAIR COMPETETION

15. Plaintiff repeats and re-alleges the allegations of paragraphs 1 – 12, inclusive, and incorporate them by reference into this Count II.

16. GMCI has built a substantial business in interstate commerce since on or about the year 2006 selling numerous articles of specialty automotive merchandise sold in interstate commerce in this jurisdiction and elsewhere under the name and mark YENKO.

17. Such use was and is deliberately intended by GMCI to induce purchasers to believe that such products are endorsed, sponsored, or in some way legitimately connected to the Estate and heirs of Don Yenko, when in fact they are not.

18. GMCI, by using the name and mark YENKO in the sale of specialty automotive merchandise in interstate commerce (a) falsely suggests a connection with the Estate and heirs of Don Yenko, and (b) misrepresents the

source of the goods or services, all in violation of the Lanham Trademark Act, 15 U.S.C. § 1125(a).

## COUNT III – RIGHT OF PUBLICITY

19. Plaintiff repeats and re-alleges the allegations of paragraphs 1 – 12, inclusive, and incorporate them by reference into this Count III.

20. GMCI has built a substantial business in interstate commerce since on or about the year 2006 selling specialty automotive merchandise under the name and mark YENKO.

21. Such use was and is deliberately intended by GMCI to induce purchasers to believe that such products are endorsed, sponsored, or in some way legitimately connected to the Estate and heirs of Don Yenko, when in fact they are not.

22. GMCI, by using the name and mark YENKO in the sale of specialty automotive merchandise in interstate commerce, (a) falsely suggests a connection with the Estate and heirs of Don Yenko, and (b) is misrepresenting the source of the goods or services, all in violation of Plaintiff's inheritable rights of publicity of her father, Donald Frank Yenko, under the laws of Pennsylvania (42 Pa.C.S.A. § 8316, "Unauthorized Use of Name or Likeness"), and California (California Civil Code Sections 3344 and 990, "Right of Publicity").

RELIEF REQUESTED

23. That the decision of the TTAB in Cancellation No. 92052197 be reversed, and the matter remanded with instructions to enter judgment for the Estate and to cancel Reg. No. 2,049,857 of YENKO for "toy cars";

24. That all other registrations of the name and mark YENKO and all variations thereof held by GMCI be declared null and void, and the United States Patent and Trademark office be directed to cause them to be cancelled;

25. That GMCI be found to be in violation of the Lanham Trademark Act, 15 U.S.C. § 1125(a) and enjoined from all further use or display of the name and mark YENKO and all variations thereof;

26. That GMCI be found to be in violation of Plaintiff's inheritable rights of publicity of her father Donald Frank Yenko under the laws of Pennsylvania and California and enjoined from all further use or display of the name and mark YENKO and all variations thereof; and

27. That plaintiff be awarded such other and further relief as may be just, including money damages, costs, and attorney's fees as provided by law.

                                            TERRI YENKO GOULD, as executor
of the Estate of Donald Frank Yenko,
and as heir of Donald Frank Yenko


                                            /George E. Bullwinkel/
Attorney for Plaintiff

Date: May 27, 2013

George E. Bullwinkel
330 Big Rail Drive
Naperville, IL 60540
Phone 630-418-2273
Telefax 630-214-3210
Email *geb@bullwinkel.com*